UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

KEISHA RELF-DAVIS,                      :

                       Plaintiff,       :      13 Civ. 3717 (PAC)(HBP)

     -against-                          :      REPORT AND
                                               RECOMMENDATION
NYS DEPARTMENT OF EDUCATION,            :

                       Defendant.       :

----------------------------------X


          PITMAN, United States Magistrate Judge:


          TO THE HONORABLE PAUL A. CROTTY, United States District

Judge,


I.   Introduction


          By notice of motion dated October 17, 2013 (Docket Item

13), defendant, the New York State Education Department

("NYSED"), sued herein as the NYS Department of Education, moves

for an Order pursuant to Fed.R.Civ.P. 12(b)(1) and 12 (b)(6)

dismissing the complaint for lack of subject matter jurisdiction

and failure to state a claim on which relief can be granted.  For

the reasons set forth below, I respectfully recommend that the

motion be granted.

II.  Facts

Read leniently,[1] the complaint, and the documents attached to it, set forth the following facts.

Plaintiff alleges that she was discriminated against on the basis of her race and disability and was the victim of retaliation; she also alleges that defendant failed to accommodate her disability.  Plaintiff commenced this action using the form employment discrimination complaint provided by the Court's Pro Se Office; in the section of the form that asks plaintiff to describe the facts of her case, plaintiff stated: "Upon disclosure of disability related information I began to receive treatment separate from that of my co-workers.  Additionally, upon disclosing the inappropriate behaviors of the management staff, I was targeted and made the bull[']s eye for a potential retaliation" (Complaint (Docket Item 1)("Compl.") at 3).  Plaintiff claims that the discriminatory acts occurred between April 5, 2011 and the date of the complaint -- May 30, 2013.  In the section of the complaint that asks plaintiff to describe the

---

[1]See Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013) ("Where, as here, the complaint was filed pro se, it must be construed liberally to raise the strongest arguments [it] suggest[s]." (inner quotations and citations omitted)); accord Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

relief she seeks, plaintiff stated:  "I am seeking monetary relief in that due to the stress caused by my unresolved harassment my condition (medical) worsened.  Thus I was forced to go on sick leave.  Due to my time accrued I was paid at half rate[, a]n extreme reduction in pay which has caused a tremendous financial burden" (Compl. at 4).

Although plaintiff has attached twenty-six pages of documents to her complaint, she does not reference them in the complaint itself, and, apart from some brief handwritten notations on some of the documents, she does not explain how they relate to her claims.  In addition, even when read together and read leniently, the documents do not suggest a cohesive set of facts that explains or elaborates on plaintiff's claims; the documents simply lack a unifying theme.  Nevertheless, I have reviewed these documents, and they disclose the following facts.

Plaintiff identifies herself as a bi-racial individual who suffers from multiple sclerosis.  She was employed as a Vocational Rehabilitation Counselor in the VESID[2] Office.

------

[2]VESID is the abbreviation for the New York State Office of Vocational and Educational Services for Individuals with Disabilities.  "VESID administers Federally funded vocational rehabilitation programs and promulgates [relevant] rules and regulations . . ."  Murphy v. Office of Vocational & Educ. Servs. for Individuals with Disabilities, 92 N.Y.2d 477, 482, 705 N.E.2d 1180, 1182, 683 N.Y.S.2d 139, 141 (1998).  VESID's function is
(continued...)

In March 2010, plaintiff was re-assigned to the Bronx
District Office where she apparently had a turbulent relationship
with her co-workers.  According to an undated decision from the
New York State Division of Human Rights, plaintiff engaged in
inappropriate work place behavior, including "being verbally
abusive or hostile to her co-workers and sending threatening,
abusive and or intimidating emails to them. [Plaintiff's] inap-
propriate work place conduct resulted in her receiving two
counseling memos, on or about June 11, 2012 and October 4, 2012 .
. ." (Compl. at 17[3]).

The documents annexed to the complaint also disclose
that in 2010 and 2011 plaintiff made two reasonable accommodation
requests; the record does not disclose the nature of the condi-
tion for which accommodation was sought (although I assume it was
plaintiff's multiple sclerosis) nor does it disclose the nature
of the accommodation sought.  NYSED requested additional informa-
tion from plaintiff which she never provided.  Accordingly, the

---

[2](...continued)
more fully described in <u>Wasser v. New York State Office of
Vocational & Educ. Servs. for Individuals with Disabilities</u>, 602
F.3d 476, 478 (2d Cir. 2010).

[3]Plaintiff has not paginated or marked as exhibits the
documents annexed to the complaint.  In the text, I use the page
numbers the Clerk's Office has assigned to the complaint's
attachments.

requests for an accommodation were never formally acted upon because the applications were considered incomplete. Plaintiff's immediate supervisor was not aware that plaintiff had submitted these requests for an accommodation (Compl. at 17).

Plaintiff's last performance review, covering the period from November 3, 2010 through November 2, 2011 was generally favorable and concluded that her performance was satisfactory. For example, the performance review noted that the vocational plans plaintiff prepared set forth appropriate and realistic vocational goals, that her case records were properly maintained and that she responded to email and telephonic inquiries promptly (Compl. at 10).

Plaintiff alleges that in March 2012, she disclosed that a supervisor in her office, Judith Pina, was inappropriately sharing statistical and other information with subordinates. In alleged retaliation for this disclosure, plaintiff claims that she was subjected to a hostile and violent work environment and that she was inappropriately written up for incidents that were not her fault. She also claims that she requested a Counseling Assistant as an accommodation for her disability, but that request was denied (Compl. at 16).

Finally, the documents annexed to the complaint demonstrate that plaintiff filed a grievance claiming that her super-

visor had violated the applicable collective bargaining agreement by maintaining a file on plaintiff separate from her official personnel file.  The grievance was ultimately dismissed as moot. Neither the complaint nor the documents attached to it contain any information suggesting a link between the grievance and plaintiff's discrimination and retaliation allegations.

Finally, plaintiff has also submitted an affidavit in opposition to NYSED's motion (Docket Item 15) and an unsworn statement in sur-reply (Docket Item 18).  I have also considered these materials.  See Savage v. Beiersdorf Inc., No. 13-CV-0696 (DLI)(LB), 2013 WL 5532756 at *4 (E.D.N.Y. Sept. 30, 2013) (deeming factual allegations contained in briefs submitted in opposition to a motion to dismiss to supplement the complaint because of plaintiff's pro se status); Pullman v. Alpha Media Publ'g, Inc., 12 Civ. 1924 (PAC)(SN), 2013 WL 1290409 at *6 (S.D.N.Y. Jan. 11, 2013) (Report & Recommendation) (Netburn, M.J.) (same), adopted at, 2013 WL 1286144 (S.D.N.Y. Mar. 28, 2013) (Crotty, D.J.); Shmueli v. City of New York, 03 Civ. 1195 (PAC), 2007 WL 1659210 at *7 (S.D.N.Y. June 7, 2007) (same).

In her declaration in opposition to the motion, plaintiff states that she believes Pina retaliated against her for disclosing Pina's alleged misconduct because she was made to work outside union guidelines and was forced to submit her work to her

supervisor for approval while other similarly situated employees were not required to do so. She also denies NYSED's contention that all supervisors, except Judith Pina, did not want to work with plaintiff. She claims that "[a]fter exposing SVRC Judith Pina and her inappropriate relationship," plaintiff's files went missing and she was accused of inappropriate workplace behavior (Plaintiff's Affirmation in Opposition to Motion to Dismiss, dated Jan. 10, 2014 (Docket Item 15) at 2). Although plaintiff has resigned from NYSED, she alleges that the agency continues to slander her by claiming that she resigned while under suspicion.

In her sur-reply statement, plaintiff again denies the contention that Judith Pina was the only supervisor willing to work with her. Plaintiff further asserts that Pina did have knowledge of plaintiff's requests for an accommodation, and claims that, at least prior to plaintiff's disclosure of Pina's allegedly inappropriate file sharing, Pina was supportive of her request for an accommodation. Plaintiff goes on to state that after she disclosed Pina's file sharing, Pina and other supervisors withdrew all support for plaintiff's requested accommodations.

In an apparent effort to allege a viable retaliation claim, plaintiff contends in her sur-reply that she did engage in protected conduct, stating:

> The defense argues that plaintiff did not partici-
> pate in "<u>protect[ed] conduct</u>" in disclosure of inappro-
> priate behaviors of the Associate Director turned
> District Office Manager Judith Pina.  Plaintiff con-
> tends in making said disclosure to immediate supervisor
> Emmanuel Staiano, as per chain of command, plaintiff
> was stating her issue of opposition to a practice
> believed to be unlawful discrimination against her.  In
> sharing office statistics with line Grade 19 staff, the
> attempt was made to sabotage plaintiff's outcomes.
> Such actions equate both inappropriate relations [<u>sic</u>]
> and unlawful discrimination.  Plaintiff was informed by
> then supervisor Emanuel Staiano "Judy does this all the
> time, you just gotta focus on your job, they do what
> they wanna."  Supervisor additionally stated, "<u>she has
> been caught with Lisa (Fields) in her office looking at
> stuff before, they not gonna do nothing to her trust
> me</u>."

(Plaintiff's Sur-reply Statement, dated January 24, 2014 (Docket

Item 18) at 3 (emphasis in original)).


III.  <u>Analysis</u>


    A.  Applicable
       <u>Legal Standards</u>


Where, as here, a defendant seeks dismissal of the

complaint on multiple Rule 12(b) grounds, a court should ordi-

narily address the movant's jurisdictional arguments before

considering whether the complaint states a claim.  <u>Arrowsmith v.</u>

<u>United Press Int'l</u>, 320 F.2d 219, 221 (2d Cir. 1963) (Friendly,

Cir. J.); <u>see</u> <u>also</u> <u>Hertzner v. U.S. Postal Serv.</u>, No. 05-cv-2371

(DRH)(ARL), 2007 WL 869585 at *3 (E.D.N.Y. Mar. 20, 2007);

Sunrise Indus. Joint Venture v. Ditric Optics, Inc., 873 F. Supp. 765, 769 (E.D.N.Y. 1995).  If the Court concludes that no subject matter jurisdiction exists, it should not consider any remaining grounds asserted for dismissal.  See Arrowsmith v. United Press Int'l, supra, 320 F.2d at 221.

        "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  In assessing a motion to dismiss for lack of subject matter juris-diction, the court must "accept as true all material factual allegations in the complaint," Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998), citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The party asserting that the court has subject matter jurisdiction bears the burden of proving the court's jurisdiction. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990); Chayoon v. Chao, 355 F.3d 141, 143 (2d Cir. 2004) (per curiam); Bd. of Educ. v. N.Y. State Teachers Ret. Sys., 60 F.3d 106, 109 (2d Cir. 1995).

        The standards applicable to a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) are well settled and require only brief review.

The Supreme Court has established a two-step process for determining whether a plaintiff has pled sufficient facts to overcome a motion to dismiss. A court must first ignore "mere conclusory statements" or legal conclusions, which are not entitled to the presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Then, assuming the veracity of the remaining facts, "a complaint must contain sufficient factual matter . . . to 'state a claim [for] relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (emphasis added). While this plausibility standard is not "akin to a 'probability requirement,'" it "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556, 127 S.Ct. 1955). Pleading facts that are "'merely consistent with' a defendant's liability" is insufficient. Id. (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955).

Pungitore v. Barbera, 506 F. App'x 40, 42 (2d Cir. 2012); see also Allen v. Norman, 548 F. App'x 25, 26 (2d Cir. 2013) (summary order); Virgil v. Town of Gates, 455 F. App'x 36, 37-38 (2d Cir. 2012) (summary order); Smith v. NYCHA, 410 F. App'x 404, 405-06 (2d Cir. 2011) (summary order).

In determining whether a complaint states a claim, "[t]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Mangiafico v. Blumenthal, 471

F.3d 391, 398 (2d Cir. 2006), quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002).

    B.  Plaintiff's Claim of
        Disability-Based Discrimination

      Plaintiff's claims under the American with Disabilities Act ("ADA") should be dismissed for lack of subject matter jurisdiction.

      The Eleventh Amendment provides:  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[4]  Although the Eleventh Amend

---

    [4]While the Eleventh Amendment was traditionally viewed as being jurisdictional, In re 995 Fifth Ave. Assocs., 963 F.2d 503, 506 (2d Cir. 1992), that principal has been called into question. See Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 389 (1998) (a state's immunity under the "Eleventh Amendment . . . does not automatically destroy original jurisdiction"); Calderon v. Ashmus, 523 U.S. 740, 745 n.2 (1998) ("While the Eleventh Amendment is jurisdictional in the sense that it is a limitation on the federal court's judicial power . . . we have recognized that it is not coextensive with the limitations on judicial power in Article III."); see generally Carver v. Nassau Cnty. Interim Fin. Auth., 730 F.3d 150, 156 (2d Cir. 2013) ("whether the claim of sovereign immunity constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense is an open question in the Supreme Court and the Second Circuit").  Given the nature of the Eleventh Amendment issue in this case, the result is the same whether or not the Eleventh Amendment is properly construed as a limit on a federal court's

                                      (continued...)

ment's express terms do not deprive federal courts of jurisdiction to hear claims against a state by the state's own citizens, it has long been held by the Supreme Court to be equally applicable to such claims.  Blatchford v. Native Vill. of Noatak, 501 U.S. 775, 779 (1991); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-99 (1984); Quern v. Jordan, 440 U.S. 332, 337-39 (1979); Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); Hans v. Louisiana, 134 U.S. 1 (1890).

In addition to precluding actions against a state, the Eleventh Amendment's immunity is also applicable in actions against state officials sued in their official capacities and entities that are arms of the state.

> It has long been settled that the reference to actions "against one of the United States" encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities . . . . Thus, when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.

Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997) (internal quotations and citations omitted); accord Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009) ("[T]he immunity

---

[4](...continued)
subject matter jurisdiction.

recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." (internal quotations and citations omitted)).

NYSED and VESID are both arms of the New York State for the purposes of the Eleventh Amendment. Nicolae v. Office of Vocational & Educ. Servs. for Individuals with Disabilities, 257 F. App'x 455, 456 (2d Cir. 2007) (VESID) (summary order); United States v. City of Yonkers, 96 F.3d 600, 619 (2d Cir. 1996) (NYSED); Roper v. Hynes, 05 Civ. 7664 (WHP), 2006 WL 2773032 at *4 (S.D.N.Y. Sept. 27, 2006) (Pauley, D.J.) (NYSED). Because NYSED has not waived its Eleventh Amendment immunity, East Ramapo Cent. Sch. Dist. V. DeLorenzo, 13 Civ. 1613 (CS), 2013 WL 5508392 at *4 (S.D.N.Y. Oct. 3, 2013) (Seibel, D.J.), plaintiff's ADA claims must be dismissed unless there has been an effective abrogation of Eleventh Amendment immunity by Congress with respect to the ADA. See Va. Office for Prot. & Advocacy v. Stewart, --- U.S. ---, ---, 131 S.Ct. 1632, 1638 (2011).

The Supreme Court has unequivocally held that Congress has not effectively abrogated Eleventh Amendment immunity with respect to an individual's ADA claim for damages against a state (or an arm of a state) based on a theory of employment discrimination, i.e., a Title I claim. Bd. of Trustees of the Univ. of

Alabama v. Garrett, 531 U.S. 356, 374 (2001); accord Palmer v.
N.Y. State Office of Court Admin., 526 F. App'x 97, 99 (2d Cir.
2013) (summary order); Nicolae v. Office of Vocational & Educ.
Servs. for Individuals with Disabilities, supra, 257 F. App'x at
456; Canales-Jacobs v. N.Y. State Office of Court Admin., 640 F.
Supp. 2d 482, 498 (S.D.N.Y. 2009) (McMahon, D.J.); Martin v.
Baruch Coll., 10 Civ. 3915 (DAB), 2011 WL 723565 at *2 (S.D.N.Y.
Feb. 18, 2011) (Batts, D.J.).  In addition, the overwhelming
weight of authority in this Circuit holds that Eleventh Amendment
immunity also extends to employment related retaliation claims
asserted under the ADA.  Morales v. State of New York, 13 Civ.
2586 (NSR), 2014 WL 2158979 at *7 (S.D.N.Y. May 22, 2014) (Román,
D.J.) (collecting an exhaustive list of cases).

        Thus, because NYSED enjoys Eleventh Amendment immunity
with respect to plaintiff's ADA discrimination and retaliation
claims, both should be dismissed for lack of subject matter
jurisdiction.

    C.  Plaintiff's Claim of
        Race-Based Discrimination

        Plaintiff's claim of race-based discrimination should
also be dismissed because neither the complaint, the documents
attached to it nor any of plaintiff's submissions in response to

14

NYSED's motion contain any facts that even remotely suggest any form of race-based discrimination.

A plaintiff alleging discrimination need only plead "a short and plain statement of the claim showing that the pleader is entitled to relief" and giving "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Nevertheless "[c]onclusory allegations or legal conclusions masquerading as factual conclusions" cannot survive a dismissal motion, Hoffenberg v. Bodell, 01 Civ. 9729 (LAP), 2002 WL 31163871 at *3 (S.D.N.Y. Sept. 30, 2002) (Preska, D.J.), and plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and "permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 680, 683 (2009). Thus, in the context of a discrimination claim, a plaintiff must allege facts "sufficient to plausibly suggest [a defendant's] discriminatory state of mind;" conclusory allegations are not entitled to the presumption of truth. Ashcroft v. Iqbal, supra, 556 U.S. at 680, 683 (allegation that defendants "'knew of, condoned, and willfully and maliciously agreed to subject [plaintiff]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race,

and/or national origin . . .'" was not entitled to the presump-
tion of truth on a motion to dismiss); Patane v. Clark, 508 F.3d
106, 112 (2d Cir. 2007) (dismissing plaintiff's Title VII claims
because "she failed to plead any facts that would create an
inference that any adverse action taken by any defendant was
based upon her gender" (internal brackets, ellipsis and citations
omitted); Joyner-El v. Giammarella, 09 Civ. 3731 (NRB), 2010 WL
1685957 at *3 (S.D.N.Y. Apr. 15, 2010) (Buchwald, D.J.) (dismiss-
ing plaintiff's 42 U.S.C. § 2000d claims where the complaint
"alleged no facts that, if true, would give rise to a plausible
inference that any purported misconduct on the part of the
defendants was in fact motivated by the plaintiff's 'race, color,
or national origin.'").  To survive a motion to dismiss, a
complaint must provide "'more than an unadorned, the-defendant-
unlawfully-harmed-me accusation.'"  Pension Ben. Guar. Corp. ex
rel. St. Vincent Catholic Med. Ctrs. Retirement Plan v. Morgan
Stanley Inv. Mgmt. Inc., 712 F.3d 705, 717 (2d Cir. 2013),
quoting Ashcroft v. Iqbal, supra, 556 U.S. at 678.

        Nevertheless, a plaintiff's burden at the pleading
stage is not a heavy one.  For example, in Robinson v. Goulet,
525 F. App'x 28, 30-31 (2d Cir. 2013), the Court of Appeals
reversed the dismissal of a race discrimination complaint in
which plaintiff alleged only that "she was an African-American

16

female, she was yelled and cursed at 'because [she is] Black and
. . . a female,' and that her work hours were reduced and she was
prohibited from working overtime, while other male and white
employees did not face similar reductions."  Similarly, in
Gonzalez v. Carestream Health, Inc., 520 F. App'x 8, 10 (2d Cir.
2013), the Court of Appeals reversed the dismissal of an age
discrimination complaint, noting that "[plaintiff's] complaint
alleged that he is a 60-year old man with 'stellar' performance
evaluations, who was terminated for pretextual reasons.  When
combined with his allegation that [defendant] maintained substan-
tially younger workers, we find that no further amplification was
necessary to state a plausible claim of age discrimination."

Apart from plaintiff's check mark in the box on the
form complaint indicating that plaintiff was alleging discrimina-
tion on the basis of race, neither the complaint, the exhibits
annexed thereto and plaintiff's submissions in opposition to the
motion allege anything that even hints at race-based discrimina-
tion.  There are no allegations of derogatory race-based com-
ments, no allegations that similarly situated non-African-Ameri-
cans were treated differently than plaintiff, no allegations that
plaintiff was denied any employment-related benefit that was
conferred on a non-African-American, no allegations that plain-

17

tiff suffered an unjustified adverse employment action that was not imposed on non-African-Americans.

Even considering plaintiff's <u>pro</u> <u>se</u> status and the minimal burden that a plaintiff asserting a claim of discrimination bears at the pleading stage, there are simply no facts alleged in the complaint that support a claim of race-based discrimination.  Because plaintiff has not alleged any facts in support of her claim of race-based discrimination, it too should be dismissed.

IV.   <u>Conclusion</u>

Accordingly, for all the foregoing reasons, I respectfully recommend that defendant's motion (Docket Item 13) be granted and that the complaint be dismissed in its entirely.  In light of plaintiff's <u>pro</u> <u>se</u> status, I further recommend that she be given leave to replead her claim of race-based discrimination, but that leave to replead her ADA claims be denied.  The ADA claims are barred by Supreme Court precedent that simply cannot be overcome by a restated or amplified version of the claim.  <u>See</u> <u>Hunt v. Klein</u>, 476 F. App'x 889, 891 (2d Cir. 2012) (dismissal of

pro se complaint without leave to replead is disfavored unless an amended complaint would be futile).[5]

V.   OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Paul A. Crotty, United States District Judge, 500 Pearl Street, Room 1350 and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Crotty.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair

---

[5]I express no opinion concerning whether plaintiff can validly state a claim for race-based discrimination.  Given the limitations of the present record, it is impossible to make that determination at this time.

Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714

F.2d 234, 237-38 (2d Cir. 1983).

Dated:  New York, New York
        July 15, 2014

                                  Respectfully submitted,


                                  _____
                                  HENRY PITMAN
                                  United States Magistrate Judge

Copies transmitted to:

Ms. Keisha Relf-Davis
Apt. 5-D
3880 Orloff Avenue
Bronx, New York  10463

Alissa S. Wright, Esq.
Assistant Attorney General
State of New York
24th Floor
120 Broadway
New York, New York 10271