UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KEISHA RELF-DAVIS,

           Plaintiff,

v.

NYS DEPARTMENT OF EDUCATION,

           Defendant.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 7, 2015

13 Civ. 3717 (PAC)

**ORDER ADOPTING REPORT
& RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* Plaintiff Keisha Relf-Davis sued her employer, Defendant New York State Education Department, alleging that she was discriminated against because of her race and disability, that Defendant failed to accommodate her disability, and that she was the victim of retaliation.[1] Defendant moves to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim.

On July 15, 2014, Magistrate Judge Henry Pitman issued a thorough and comprehensive Report and Recommendation ("R&R") on the motion, summarizing Plaintiff's factual allegations (*see* R&R at 2-8); and recommending that the Complaint be dismissed in its entirety. (R&R at 18). First, Plaintiff's discrimination and retaliation claims under the Americans with Disabilities Act ("ADA") should be dismissed for lack of subject matter jurisdiction, because Defendant is entitled to Eleventh Amendment immunity for those claims. (R&R at 13-14). Next, Plaintiff failed to state a claim for race-based discrimination because neither the Complaint nor any of

---

[1] Plaintiff was employed by Defendant at the time she filed the Complaint, but resigned in September 2013. Dkt. No. 15.

1

Plaintiff's other submissions "allege anything that even hints at race-based discrimination." (R&R at 17). Finally, Plaintiff should be permitted to re-plead her race-based discrimination claim, but not her ADA claims as the Court is without jurisdiction. (R&R at 18). The R&R directed the parties to file any objections within fourteen days of receipt of the R&R. (R&R at 19).

On July 21, 2014, the Court received a letter from Renaisha Davis on behalf of Plaintiff, stating that Plaintiff was "[unable] to personally respond" to the R&R because she was currently "hospitalized in ICU." (Dkt. No. 20). Although Ms. Davis declined to "state plaintiff[']s preference with respect to plaintiff's desire to object" to the R&R, she noted that Plaintiff was "slated to be released from ICU and sent to rehab setting [sic] on July 28, 2014 for a period of 4 months at a minimum." (*Id.*) On September 23, 2014, Defendant filed a letter informing the Court that Plaintiff had been indicted on September 9, 2014, and subsequently released on bail; accordingly, Plaintiff was "no longer in the ICU or in a rehabilitation facility" as indicated in the July 21 letter. (Dkt. No. 22). Plaintiff did not respond. Based on the parties' letters, on September 23, 2014, the Court marked the motion off the calendar for 60 days; but stated that "[i]f the Court does not hear from plaintiff by . . . December 1, 2014, the case may be dismissed." (Dkt. No. 23). Plaintiff did not file objections to the R&R nor contact the Court.

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court may "adopt those portions of the report to which no timely objection has been made, so long as there is no clear error on the face of the record." *Feehan v. Feehan*, 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011). Plaintiff did not file objections to the R&R within the 14-day statutory period or during the 60 days in which the motion was marked off the calendar, nor did she otherwise

2

contact the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Plaintiff's failure to do so results in waiver of any objections she may have. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Reyes v. LaValley*, 2013 WL 4852313, at *3 (E.D.N.Y. Sept. 10, 2013). Accordingly, the Court reviews the R&R for clear error. Finding none, the Court hereby adopts the R&R in full.

For the foregoing reasons, Defendant's motion to dismiss is GRANTED, with leave to re-plead Plaintiff's race-based discrimination claim. Leave to re-plead Plaintiff's ADA claims is denied as futile. The Clerk of Court is directed to enter judgment and close this case. Pursuant to 28 U.S.C. § 1915(a), I find that any appeal from this order would not be taken in good faith.

Dated: New York, New York
      January 6, 2015

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copy mailed to:

Ms. Keisha Relf-Davis
3880 Orloff Avenue, #5D
Bronx, NY 10463